UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORTHERN BANK & TRUST CO., :
       Plaintiff, :
        :
v. : C.A. No. 23-368WES
        :
BRIAN D. SHEEHAN and :
NICHOLAS FIORILLO, :
       Defendants. :

**ORDER DENYING MOTION TO DISQUALIFY COUNSEL**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On September 4, 2023, Defendant Nicholas Fiorillo vexatiously and without a reasonable basis in law or fact removed this case, which had been pending in Massachusetts state court since April 5, 2023. Northern Bank & Tr. Co. v. Sheehan, C.A. No. 23-368WES, 2023 WL 6846472, at *1, 6 (D.R.I. Oct. 13, 2023), adopted by Text Order (D.R.I. Oct. 31, 2023). Represented by Attorney David H. Rich of a Massachusetts law firm, Todd & Weld, LLP, Northern Bank & Trust Co. ("Northern") promptly responded on September 26, 2023, with an emergency motion to remand and for sanctions. ECF Nos. 3-4. In response to the Court's directive, on October 18, 2023, Attorney Rich filed a more specific motion for attorney's fees and a request for injunctive relief; further, Attorney Rich timely appeared at and participated in the in-person hearing on November 13, 2023. See ECF No. 10; Minute Entry of Nov. 13, 2023.

Five minutes after the November 13, 2023, hearing was scheduled to begin and after Attorney Rich had already arrived to attend the hearing, Defendant Fiorillo filed an emergency motion to disqualify Todd & Weld, LLP, and Attorney Rich. ECF No. 15. This motion is based on the conclusory allegation that there are "numerous and multiple impermissible, non-waivable, and/or un-waved conflicts of interest, due to prior representation" of Defendant Fiorillo and his

"business subsidiaries and affiliates." ECF No. 15 at 1. Factually, the motion asserts in vague and confusing language that Todd & Weld, LLP, provided legal advice, received documents and attended strategy meetings "from the onset of the demand from Northern" "over the past three years" and "lobb[ied]" to represent Defendant Fiorillo in his other cases. Id. at 2. These allegations appear to describe, *inter alia*, "the Braunstein Firm," as representing Defendant Fiorillo. Id. The motion is not supported by any sworn statement or factual presentation. Attorney Rich and Todd & Weld, LLP, have objected to the motion, arguing that it is factually and legally without basis in that there is no such conflict and pointing out that such a frivolous motion is consistent with Defendant Fiorillo's pattern of abusive litigation tactics in that he has moved (unsuccessfully) to disqualify attorneys in at least seven cases in Massachusetts, as well as that the motion is untimely in that this case is now remanded except for discrete issues that are under advisement. ECF No. 17.

As far as the Court is aware, except for their representation of Northern in this case, neither Attorney Rich nor Todd & Weld, LLP, has entered an appearance on behalf of any party in any of cases that Defendant Fiorillo removed to or filed in this Court. Nor has Defendant Fiorillo directed the Court to any state court case that he removed to this Court in which Attorney Rich or Todd & Weld, LLP, entered for any party other than Northern. Further, all such cases are now remanded or dismissed. The motion has presented no colorable facts to support the conclusion that Attorney Rich and Todd & Weld, LLP, is acting in this Court under the taint of a conflict of interest as prohibited by R.I. R. Prof. Conduct 1.7 or otherwise. In addition, the only issues remaining in this case are the award of fees and costs pursuant to 28 U.S.C. § 1447(c), to which Defendant Fiorillo has presented no specific objection; the Court's consideration of *sua sponte* sanctions, as to which Northern's position is not relevant; and the entry of injunctive

2

relief, which has arisen not just based on Northern's motion but principally based on Defendant Fiorillo's conduct in all of the cases he filed in or removed to this Court.

Based on the foregoing, I find that Defendant Fiorillo's motion to disqualify Attorney Rich and Todd & Weld, LLP, provides an insufficient basis in fact or law for the Court to take the extraordinary step of denying Northern its right to be represented by its counsel of choice in this case. Based on the timing of the motion to disqualify, I further find that it was presented to the Court for docketing for the improper purpose of delaying the Court's show cause hearing. Accordingly, the motion to disqualify Attorney Rich and Todd & Weld, LLP, is DENIED.

The motion to disqualify counsel also asks the Court to disqualify other law firms and attorneys who have not appeared in this case. Of these, one (Attorney Matthew Welnicki) is counsel of record in a different case removed by Mr. Fiorillo, which case is no longer pending in that it is now remanded to state court. BSI 254 Westfield, LLC v. Fiorillo, C.A. No. 23-363WES, 2023 WL 6532639, at *6 (D.R.I. Oct. 6, 2023), adopted by Text Order (D.R.I. Oct. 24, 2023). From the perspective of Mr. Fiorillo's recent filings, the other law firms and attorneys that Mr. Fiorillo asks the Court to disqualify are unknown to the Court ("the law firm of Reimer and Braunstein and Attorney Paul S. Samson and the law firm of Welnicki and Sams," ECF No. 15 at 1). Because these attorneys have not appeared in this case, this aspect of Defendant Fiorillo's motion is DENIED as frivolous.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 21, 2023