UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NORTHERN BANK & TRUST CO., : | |
|     Plaintiff, : | |
| : | |
| v.  : | C.A. No. 23-368WES |
| : | |
| BRIAN D. SHEEHAN and : | |
| NICHOLAS FIORILLO, : | |
|     Defendants. : | |

**ORDER GRANTING MOTION FOR 28 U.S.C. § 1447 ATTORNEY FEES**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion of Plaintiff Northern Bank & Trust Co. ("Northern") for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). ECF Nos. 3, 10.

This Court has now remanded this removed case based on the lack of subject matter jurisdiction, improper venue and untimeliness and provisionally found the improper removal to have been intentional, vexatious, objectively unreasonable and potentially sanctionable. Northern Bank & Tr. Co. v. Sheehan, C.A. No. 23-368WES, 2023 WL 6846472, at *5-6 (D.R.I. Oct. 13, 2023), adopted by Text Order (D.R.I. Oct. 31, 2023). Regarding the request of Northern for attorney's fees pursuant to 28 U.S.C. § 1447(c), ECF Nos. 3, 10, Defendant Nicholas Fiorillo was ordered to show cause in writing filed on or before November 3, 2023, why such fees and costs should not be awarded. Text Order of Oct. 13, 2023. Despite making prolific filings in this and in his other cases prior to and since the show cause deadline, Defendant Fiorillo filed nothing addressing the fee issue by the show cause deadline and his out-of-time Omnibus Response to Show Cause (ECF Nos. 12-13) does not present any viable reasons why the Court should not award Northern's fees as requested. Defendant Fiorillo was also ordered to appear at an in-person hearing held on November 13, 2023, to address the Court regarding why such fees

should not be awarded.  Northern Bank & Tr. Co., 2023 WL 6846472, at *6.  Plaintiff Northern appeared at the hearing, but Defendant Fiorillo failed to appear.  Instead, beginning one hour before the hearing was scheduled to begin and continuing until five minutes after the scheduled start time, Defendant Fiorillo filed a series of motions seeking to delay or continue the hearing, to disqualify me as the presiding judicial officer and to disqualify the law firm representing Northern.  All such relief has now been denied.

Considering the totality of circumstances presented in this case and the other cases recently removed by Defendant Fiorillo (all of which are now remanded), including but not limited to, the originally provisional but now unrebutted and adopted-without-objection findings in Northern Bank & Tr. Co., 2023 WL 6846472, at *6, the affidavits submitted by Northern's counsel in support of the motion and based on my review of the relevant time entries and hourly rate, as well as the absence of any opposition to the finding that the removal was not objectively reasonable or to the amount of the fee award sought, I find that a fee award is appropriate because Defendant Fiorillo's removal of this case was vexatious and abusive and he lacked any objectively reasonable basis for seeking removal of this case to this Court.  See Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005) ("courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal"); Baffoni v. Lisi, C.A. No. 22-292-JJM, 2023 WL 2598686, at *3 (D.R.I. Mar. 22, 2023) (based on remand for lack of subject matter jurisdiction of second removed case asserting similar claims to those asserted in prior case removed by same *pro se* litigant and remanded for lack of subject matter jurisdiction, court finds that removing party lacked objectively reasonable basis for seeking second removal).  Based on the same considerations, I further find that Northern's total fee request is reasonable and appropriate pursuant to 28 U.S.C. § 1447(c).  In

addition, Attorney Rich having attended the Court hearing on November 13, 2023, to address, *inter alia*, the issue of the fee award, I further find that the fee award should be increased by $550 as compensation for that additional time.

Based on the foregoing, to the extent that it seeks an award of attorney fees, Plaintiff's motion (ECF No. 10) is GRANTED and Northern is hereby awarded $6,490 pursuant to 28 U.S.C. § 1447(c). To the extent that ECF No. 10 addresses Northern's motion for injunctive relief, injunctive relief will be separately addressed in a report and recommendation that will issue hereafter.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 21, 2023